```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF MASSACHUSETTS


UNITED STATES OF AMERICA,    )
        Plaintiff            )
                             )
         v.                  )    Crim. No. 09-cr-30038-MAP
                             )    C.A. No. 11-cv-30266-MAP
ANGEL ORTIZ,                 )
        Defendant            )
```

           MEMORANDUM AND ORDER REGARDING
   DEFENDANT'S MOTION TO VACATE UNDER 28 U.S.C. § 2255
                     (Dkt. No. 47)

                    August 28, 2012

PONSOR, U.S.D.J.


                    I. INTRODUCTION

    Defendant, Angel Ortiz, was sentenced by the court on February 16, 2011 to a term of 120 months following his pleas of guilty to multiple counts of illegal gun and drug distribution.  He now moves to vacate his sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 47), claiming that the court erred in basing his prison term on his need for drug rehabilitation and that his counsel was ineffective in the face of this error.  The Supreme Court's decision in Tapia v. United States, 131 S.Ct. 2382 (2011), Defendant says, makes a sentence justified by a need for rehabilitation

improper.  For the foregoing reasons, the court will deny Defendant's motion.

## II. BACKGROUND

After indictment, Defendant entered into a plea agreement with the government.  This agreement provided, among other things, that Defendant would waive his right to challenge his conviction on direct appeal or through a collateral challenge, as long as the court imposed a sentence of 235 months or less. (Dkt. No. 20, Plea Agreement at ¶ 7.)  Based on this agreement Defendant changed his plea to guilty and was sentenced, as noted above, to 120 months.

At sentencing, the court stated, "Mr. Ortiz has a terrible drug habit, and I believe he is going to need a long sentence, and a ten-year sentence will help lead him completely away from that." (Dkt. No. 42, Transcript at 16:11-13.)

Later, the court added that, "I very much hope that this period of time that you're going to spend locked up will give you a chance to acquire some skills and break the grip of drug addiction, which is torturing you." (Id. at 16:22-25.)

In summarizing the reasons for imposing Defendant's sentence, the court said, "So, when I take into consideration all of the 3553(a) factors, when I look at the history and his circumstances and his character, when I look at his need for rehabilitation, I find that a ten-year sentence is appropriate." (Id. at 17:1-7.)

As part of the sentence the court made a judicial recommendation that Defendant participate in the Bureau of Prisons' 500-hour Drug Rehabilitation Program ("RDAP"). (Id. at 17:22-25.)

### III. DISCUSSION

A. <u>Standard of Review.</u>

Section 2255 provides for post conviction relief in four circumstances:

> [N]amely, if the petitioner's sentence (1) was imposed in violation of the Constitution, or (2) was imposed by a court that lacked jurisdiction, or (3) exceeded the statutory maximum, or (4) was otherwise subject to collateral attack.

<u>David v. United States</u>, 134 F.3d 470, 474 (1st Cir. 1998) (citations omitted). As the First Circuit has emphasized, any claimed error must be "a fundamental defect which inherently results in a complete miscarriage of justice or

an omission inconsistent with the rudimentary demands of fair procedure." Knight v. United States, 37 F.3d 768, 772 (1st Cir. 1994). In general, misapplication of the Sentencing Guidelines does not constitute an "exceptional" circumstance. See Id. at 773.

B.  The Sentence and Drug Rehabilitation.

Plaintiff argues that his sentence violated Tapia. However, both Tapia itself and subsequent appellate decisional law make it clear that the court's comments did not reveal any impermissible basis for the sentence.

In Tapia, a defendant with a drug abuse problem was convicted of alien smuggling. Her guideline range at sentencing was between 41 and 51 months. Tapia, 131 S.Ct. at 2385. The district judge in that case sentenced her to 51 months in prison, at least in part to make her eligible for the Bureau of Prisons' ("BOP") 500-hour RDAP program. Id.

The Supreme Court found that, under these circumstances, the sentence violated the Sentencing Reform Act's prohibition on "promoting correction and rehabilitation." Id. at 2392, citing 18 U.S.C. § 3582(a).

However, it emphasized:

> A court commits no error by discussing the opportunities for rehabilitation within prison or the benefits of specific treatment or training programs. To the contrary, a court properly may address a person who is about to begin a prison term about these important matters. And as noted earlier, a court may urge the BOP to place an offender in a prison treatment program.

Id. at 2392.

Yet in the particular set of facts it found in Tapia, the Court said, the judge made statements suggesting that the defendant's sentence was actually lengthened in order to ensure that she would qualify for certain rehabilitative services. This, the Court held, "a sentencing court may not do." Id. at 2393.

Surveying other circuit court decisions following Tapia, the Second Circuit noted in United States v. Gillard that most circuit courts have found no error where sentence length was based on permissible considerations such as criminal history, deterrence, and public protection. 671 F.3d 255, 259 (2d Cir. 2012). Where circuit courts do find error, the Second Circuit said, is where judges -- as in Tapia -- increase sentences to meet minimum prison term

length to qualify for rehabilitation programs.  Id. at 259-60.

Here, the only statement by the court that even approached the boundary set down by Tapia was to the effect that Defendant "has a terrible drug habit, and I believe he is going to need a long sentence, and a ten-year sentence will help lead him completely away from that." (Dkt. No. 42, Transcript at 16:11-13.)  Nothing in this statement, however, suggests that the court was lengthening Defendant's prison term in order to make him eligible for the RDAP program or any other rehabilitative service.

Indeed, the court found that the appropriate advisory sentencing range was between 188 and 235 months.  As the Supreme Court noted, the BOP only requires twenty-four months remaining on a sentence for an inmate to participate in the RDAP program.  See Tapia, 131 S.Ct. at 2394.  Obviously, any guideline sentence the court imposed in this case would have rendered Defendant eligible for the RDAP program, and even the below-guideline sentence actually imposed easily qualified Defendant for the program.

While it is improper under Tapia to lengthen a sentence

solely or substantially with the goal of insuring that a
defendant will be able to participate in rehabilitation, it
cannot be improper for a court to impose a sentence and
simply observe that the prison term will permit the
defendant to address his drug problem.[1]  Lengthening a
sentence to accommodate rehabilitation is off limits;
observing the obvious is not.

    C.    <u>Permissibility of a Collateral Attack.</u>

Even if Defendant <u>did</u> have a valid Section 2255 claim,
it would clearly be barred under his plea agreement and the
First Circuit's <u>Knight</u> decision.  As noted above,
Defendant's plea agreement prohibits Defendant from bringing
any collateral attack on his sentence so long as it is under
235 months. (Dkt. No. 20, Plea Agreement at ¶ 7.)

Defendant argues that under <u>United States v. Teeter</u>
collateral attack is permissible notwithstanding a plea
agreement to the contrary where plain error in sentencing is
present.  257 F.3d 14, 25-26 (1st Cir. 2001).  Even if this

---

[1] Defendant also argues that he was denied effective assistance of counsel. However, since this argument is based on the same <u>Tapia</u> claims the court rejects, the issue is moot.

7

court has somehow erred in its analysis of Defendant's Tapia claim, its error would not satisfy the stringent plain error standard. See United States v. Torres-Rosario, 658 F.3d 110, 116 (plain error is "not easy to meet" and "requires error, plainness, prejudice to the defendant and the threat of a miscarriage of justice."). Moreover, under Knight, Defendant must make a showing of "a fundamental defect which inherently results in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure." 37 F.3d at 772. Defendant's claim does not approach this level. The insufficiency of Defendant's argument is especially glaring since the First Circuit's Knight decision has generally excluded misapplications of the Sentencing Guidelines as a basis for a "plain error" claim under Section 2255. Id. at 773.

## IV. CONCLUSION.

For the foregoing reasons, Defendant's Motion to Vacate (Dkt. No. 47) is hereby DENIED, and the petition is ordered dismissed. This ruling also disposes of Dkt. No. 1 in the parallel civil case, 11-cv-30266. Both cases may now be closed.

It is So Ordered.

>/s/ Michael A. Ponsor
>MICHAEL A. PONSOR
>U. S. District Judge